CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED
JAN 3 1 2006
JOHN F CORCORAN, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

BRYAN ANTHONY YOUNG, )
    Petitioner, )    Civil Action No. 7:05-CV-00593
)
v. )    **MEMORANDUM OPINION**
)
UNITED STATES OF AMERICA, )    By: Glen E. Conrad
    Respondent. )    United States District Judge

    Bryan Anthony Young, a federal inmate proceeding pro se, filed this action as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. The motion is presently before the court on the respondent's motion to dismiss. For the following reasons, the court concludes that Young knowingly and voluntarily waived his right to collaterally attack his conviction sentence. Therefore, the court will grant the respondent's motion.

## BACKGROUND

    On December 22, 2004, Young and seven other individuals were charged with conspiring to distribute crack cocaine, in violation of 21 U.S.C. § 846. Young was also charged with possessing a firearm in relation to or in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c).

    On May 4, 2005, Young pled guilty to the conspiracy charge pursuant to a written plea agreement. In this agreement, the United States agreed to move to dismiss the firearm charge and to make certain recommendations regarding Young's sentence. In exchange, Young agreed to waive his right to collaterally attack "the judgment and any part of the sentence" imposed by the court.

    During the plea hearing, United States Magistrate Judge B. Waugh Crigler conducted a thorough Rule 11 colloquy. See Fed. R. Crim. P. 11. Young stated under oath that he had

discussed the charges with his attorney, that he understood the charges, that he had spoken with his attorney about how the Federal Sentencing Guidelines might apply in his case, that he knew he had the right to plead not guilty, and that he was giving up his right to a trial. (Tr. at 4-9). Young also stated that he understood all of the terms of his plea agreement, including the fact that he was waiving the "right to file a lawsuit later on challenging the validity of either [his] conviction or [his] sentence." (Tr. at 10, 12). Additionally, Young stated that he was satisfied with his attorney's representation, that his attorney had been effective, and that neither his attorney nor anyone else had forced him to plead guilty. (Tr. at 13-14). Despite all of the magistrate judge's questions, Young stated that he still wanted to plead guilty. (Tr. at 15).

On May 13, 2005, the magistrate judge issued a report in which he recommended that the court accept Young's guilty plea. The magistrate judge determined that Young was fully competent and capable of entering an informed plea, that Young was aware of the nature of the charges and the consequences of the plea, and that Young's plea was knowing and voluntary. Neither party filed any objections to the magistrate judge's report, and it was subsequently adopted on June 3, 2005. On July 25, 2005, Young was sentenced to a term of imprisonment of 292 months.

Young filed the instant § 2255 motion on September 23, 2005. Young alleges that his attorney was ineffective for failing to provide a copy of the presentence report until July 21, 2005, for failing to file objections to the presentence report, and for not mentioning that Young assisted the United States. Young also alleges that he signed the plea agreement with no legal guidance from his attorney.

On December 29, 2005, the respondent filed a motion to dismiss. That same day, Young was sent a <u>Roseboro</u> notice, in which he was directed to file any response to the respondent's

2

motion within twenty days. As of this date, Young has not filed a response. Since the twenty-day period has now expired, the respondent's motion to dismiss is ripe for review.

## DISCUSSION

The respondent argues that Young's motion must be dismissed because he waived the right to collaterally attack his conviction or sentence. The United States Court of Appeals for the Fourth Circuit has held that a waiver of the right to collaterally attack a conviction or sentence is valid as long as the waiver is knowingly and voluntarily made. U.S. v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Thus, if Young's waiver was knowing and voluntary, he cannot challenge his conviction or sentence in a § 2255 motion. Id.

Having reviewed the record, the court concludes that Young's waiver was knowing and voluntary. Although Young now alleges that he signed the plea agreement with no legal guidance, this allegation directly contradicts the statements that he made during the plea hearing. Id. at 222. As previously stated, Young affirmed that he was satisfied with his attorney's representation, that his attorney had not forced him to plead guilty, and that he understood all of the terms of his plea agreement, including the waiver at issue. "[A] defendant's solemn declarations in open court affirming [a plea] agreement ... 'carry a strong presumption of verity.'" United States v. White, 366 F.3d 291, 295 (4th Cir. 2004) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Thus, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" Lemaster, 403 F.3d at 221 (quoting Crawford v. United States, 519 F.2d 347, 350 (4th Cir. 1975)). Since Young points to no extraordinary circumstances that would refute his acknowledgment on the record that he understood and agreed to waive his right to collaterally

3

attack his conviction or sentence, the court concludes that Young's waiver was knowing and voluntary.

## CONCLUSION

For the reasons stated, the court concludes that the transcript of Young's plea hearing conclusively establishes that he knowingly and voluntarily waived his right to collaterally attack his conviction or sentence. Accordingly, the court will grant the respondent's motion to dismiss.

The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 31st day of January, 2006.

_____
United States District Judge

4